## (December 12, 1961)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. WESLEY WRIGHT, Appellant.—

Following his indictment in December, 1956 charged with the crime of manslaughter, first degree, defendant appeared in court on March 4, 1957 with a representative of his assigned counsel. The defendant then sought new counsel upon the plainly stated ground that his then counsel "wants me to plead guilty and I want to go to trial." This application was denied and the court directed the impaneling of a jury. The court then made the following remarks, among others: "Mr. Wright wants a trial. We will give it to him. * *, * We had (a trial) Friday, Mr. Wright, where a jury took five minutes to convict the defendant of manslaughter in the first degree. He had the most capable attorney in New York * * * and furthermore he was given an opportunity to plead to a lesser degree of crime. * * * Maybe you are in the same spot, but, however, you will get your trial. * * * As long as you feel that way, in other words, you would rather do ten to twenty instead of one to two, all right. If that is your philosophy I think we will try to help you out. We will take a jury in a short while." The following day defendant and his assigned counsel appeared and announced ready for trial. The court then said: "All right. Now come up here, Wright. I am having a lot of trouble with you for no reason." Following the Bench conference out of hearing of the stenographer the plea of guilty to the lesser crime was entered. Upon the present record appellant is entitled to coram nobis relief. (People v. Picciotti, 4 N Y 2d 340; People v. Farina, 2 N Y 2d 454.) In the Picciotti case (supra, p. 344) it was said: "A plea of guilty is, of course, frequently the result of a 'bargain,' but there is no bargain if a defendant is told that, if he does not plead guilty, he will suffer consequences that would not otherwise be visited upon him. To capitulate and enter a plea under a threat of an 'or else' can hardly be regarded as the result of the voluntary bargaining process between the defendant and the People sanctioned by propriety and practice." Concur — McNally, J. P., Stevens, Eager, Steuer and Bastow, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. BESS KAYE, Appellant, v. SPENCE-CHAPIN ADOPTION SERVICE, Respondent.— Orders entered on February 2, 1961 and April 19, 1961 unanimously affirmed, with $20 costs and disbursements to the respondent. No opinion. Concur — Rabin, J. P., McNally, Stevens, Eager and Steuer, JJ.

■ LOUISE GRECO, by Her Guardian ad Litem RALPH GRECO, et al., Respondents, v. NATIONAL TRANSPORTATION Co., INC., et al., Appellants.—

It is an elementary principle that actionable negligence requires injury to the person or property as the proximate result of the allegedly negligent act (65 C. J. S., Negligence, § 6). There is a disputed issue of fact whether the impact between the two vehicles in this case resulted in injury to the person. Concur — Botein, P. J., Breitel, Valente, McNally and Steuer, JJ.