■ BERTRAM PARISER, Respondent, v DOROTHY PARISER, Appellant.—In a matrimonial action, the defendant wife appeals from (1) stated portions of a judgment of the Supreme Court, Nassau County, entered March 11, 1976, which, after a nonjury trial, *inter alia,* granted plaintiff-respondent a divorce on the ground of cruel and inhuman treatment, and (2) an order of the same court, dated June 28, 1976, which denied her motion to vacate the said judgment and for a new trial on the ground of newly discovered evidence. Judgment affirmed insofar as appealed from and order affirmed, without costs or disbursements. The trial court's determination is justified by the record on this appeal. Martuscello, J. P., Latham, Margett and O'Connor, JJ., concur.

■ PETER R. PIFFATH, Appellant, v DOLORES ESPOSITO, Respondent.—In an action, *inter alia,* to recover damages for fraud, plaintiff appeals from an order of the Supreme Court, Suffolk County, dated May 12, 1976, which granted defendant's motion to dismiss the complaint for failure to state a cause of action. Order modified, as a matter of discretion in the interest of justice, by adding thereto a provision granting plaintiff permission to apply to Special Term for leave to replead, upon a showing of merit. As so modified, order affirmed, with $50 costs and disbursements to defendant payable by plaintiff. Plaintiff-appellant and defendant-respondent entered into a contract of sale whereby plaintiff was to buy, and defendant to sell, a certain nursing home. Subsequent to the signing of that contract, the parties entered into a modification agreement whereby the purchase price of the nursing home was reduced. Plaintiff now alleges that at the time the modification agreement was executed, defendant made certain misrepresentations, in reliance upon which he entered into the modification agreement and closed the transactions about two months later. However, the complaint nowhere alleges that defendant made any misrepresentations prior to the execution of the contract of sale, or that plaintiff was induced into entering into that contract by reason of any misrepresentations. Thus, the contract of sale, which is binding upon plaintiff, remains unchallenged by his complaint. Accordingly, plaintiff has failed to plead all of the material elements of his claim, and the complaint was properly dismissed. Although plaintiff did not request leave to replead in the event defendant's motion was granted, such failure will not prevent the granting of a motion for leave to replead after the complaint has been dismissed. (See *Bay Crane Serv. v Carlin Constr. Co.,* 56 AD2d 588; *Rochester Poster Adv. Co. v Town of Penfield,* 51 AD2d 870.) However, as the complaint does not show facts indicating that plaintiff has a cause of action, leave to replead is conditioned upon his showing, at Special Term, that he has "good ground to support his cause of action" (cf. CPLR 3211, subd [e]). Martuscello, J. P., Latham, Shapiro and O'Connor, JJ., concur.