■ FRANCES HRYNIAK, Appellant, v NATHAN LITTAUER HOSPITAL ASSOCIATION, Respondent. — Appeal from an order of the Supreme Court at Special Term (Walsh, Jr., J.), entered March 23, 1981 in Fulton County, which granted defendant's motion to dismiss the complaint. Plaintiff's complaint alleges that due to the fact that the defendant hospital was unable to produce X rays of plaintiff taken on December 14, 1977, plaintiff will be unable to prove her cause of action against her surgeon for malpractice. On December 14, 1977, plaintiff was admitted to the defendant hospital for treatment of a fractured knee. X rays were taken on December 14, 1977, prior to surgery, and again on December 26, 1977, prior to plaintiff's discharge. Plaintiff alleges that on December 18, 1980, she demanded the release of all X rays and medical records from defendant so that she might commence a malpractice action against her surgeon. Employees of defendant surrendered the medical records and X rays taken on December 26, 1977, but were unable to locate the X rays taken on December 14, 1977. Accordingly, plaintiff was unable to submit the December 14, 1977 X rays to the medical malpractice review panel. That panel found no evidence of negligence and, as a result of this finding, plaintiff commenced the instant action. Defendant moved to dismiss the complaint pursuant to CPLR 3211 (subd [a], par 7) for failure to state a cause of action. Special Term granted the motion to dismiss and this appeal ensued. An action to recover for negligence does not lie unless (1) the defendant owed the plaintiff a duty, (2) the defendant failed to discharge that duty, and (3) the plaintiff suffered damages as a proximate result of such failure (41 NY Jur, Negligence, § 7, p 13). Plaintiff fails to set forth any duty owed to her on the part of defendant to preserve the X rays in question. Moreover, plaintiff has failed to demonstrate that she has suffered any damages as a result of the alleged negligence of defendant. Order affirmed, with costs. Kane, J. P., Main, Mikoll, Yesawich, Jr., and Weiss, JJ., concur.