OPINION OF THE COURT
George A. Murphy, J.
In this article 78 proceeding the petitioners Goldstein seek a judgment directing that Dr. Goldstein be declared a physician pursuant to section G-20.0 of the Town of Hemp-stead Building Zone Ordinance and granted a special exception.
Petitioners are contract vendees of a one-story ranch-style home located at 3448 Jerusalem Avenue, Wantagh, New York.
Petitioner Dr. Edward Goldstein desired to use the premises as a nonresident doctor’s (optometrist) office. Two applications were filed by petitioners. One application sought a special exception to use the premises as a nonresident doctor’s office. The other application was for a side-yard variance.
Both applications were denied by the town building department and the determinations of the building department were subsequently affirmed by the respondent board. The respondent board found that the area character was zoned for single-family dwellings and that there was no “dollars and cents” proof to justify a finding of unnecessary hardship for the granting of a use variance. The board also found that petitioner was not a physician for the purposes of the special exception set forth in the ordinance.
*757 Petitioners contend that Dr. Edward Goldstein is a provider of health services as an optometrist and should have been granted a special exception as a nonresident physician. Petitioners argue that the denial of the special exception by the respondent board was arbitrary, capricious, discriminatory and contrary to law.
The discretion of a board of zoning appeals in determining whether a special exception shall be granted is confined to the standards enacted to guide and limit the board’s power (Matter of Hartnett v Segur, 21 AD2d 132). When the standards have been met the board is without authority to deny the exception (Matter of Holmes & Murphy v Bush, 6 AD2d 200; Matter of Harrison-Warren Realty Co. v Spencer, 124 Misc 783; Larkfield Equities v Larkin, 181 NYS2d 684). Unlike a variance which involves the varying of a zoning ordinance, a special exception deals with compliance of the ordinance and imposes upon a board of zoning appeals the duty to grant an exception once the conditions specified in the ordinance have been met (Krust v Hill, 212 NYS2d 981; 3 Rathkopf, The Law of Zoning and Planning, § 41.05, subd [1]). Moreover, a special exception may not be withheld for failure of the applicant to show either that the zoning ordinance as applied to his land imposes unnecessary hardship or practical difficulties (cf. Matter of Syosset Holding Corp. v Schlimm, 4 AD2d 766; Matter of Koch v Zoning Bd. of Appeals of Town of Lewisboro, 54 Misc 2d 1090) or that the hardship of the applicant was self-created (Matter of Freitag v Marsh, 280 App Div 934). “ ‘Special exception’ ” disputes are to be resolved by the “ ‘common-sense judgments’ ” of “ ‘representative citizens doing their best to make accommodations between conflicting community pressures’ ”, and for the courts to intervene in the absence of clear illegality, would be “ ‘contrary to the settled and practical necessities of zoning’ ” (Matter of Lemir Realty Corp. v Larkin, 11 NY2d 20, 25).
Section G-20.0 of the Town of Hempstead Building Zone Ordinance provides: “Anything in this Ordinance to the contrary notwithstanding, in any Residence District, if approved by the Board of Appeals as a special exception after a public hearing and subject to the, provisions of *758 Article 12 herein, premises may be used by a physician or a dentist for the conduct of his practice, irrespective of whether said physician or dentist resides or has resided at said premises. Such special exception shall be granted only to single practitioners, and in the event a special exception shall be authorized by the Board of Appeals pursuant to this Section, said special exception shall be limited to an individual practitioner and shall specify that, in the event more than one practitioner utilizes the special exception, it shall become null and void.”
The exception provided for in the ordinance applies only to a physician or dentist as a single practitioner, irrespective of whether said professional resides or has resided at the residence.
Section 6521 of the Education Law defines the practice of the profession of medicine “as diagnosing, treating, operating or prescribing for any human disease, pain, injury, deformity or physical condition.” Only a person licensed or authorized by the laws of this State to practice medicine may use the title physician. (See Education Law, § 6522.) The practice of optometry is defined by section 7101 of the Education Law “as diagnosing any optical deficiency, optical deformity, visual anomaly or muscular anomaly of the human eye, aiding or correcting such deficiency, deformity or anomaly by prescribing, providing, adapting, or fitting lenses, or by prescribing or providing orthoptics or vision training.” An optometrist may not use or prescribe drugs. The optometrist performs no medical function. He does not treat disease and provides corrective therapy by external mechanical means.
In the court’s view, the practice of optometry is not the practice of medicine and the determination of the respondent board that Dr. Goldstein was not a physician within the contemplation of the ordinance was neither arbitrary, capricious nor an abuse of discretion (see Silver v Lansburgh & Brother, 111 F2d 518; Abelson’s, Inc. v New Jersey State Bd. of Optometrists, 5 NJ 412; New Jersey State Bd. of Optometrists v S.S. Kresge Co., 113 NJL 287; 70 CJS, Physicians and Surgeons, § 1).
The cases cited by petitioners as representative of respondent’s purported discriminatory application of the spe *759 cial exception for nonresident physicians are clearly distinguishable from the case at bar. Those cases involved two-family dwellings in a business or a business-resident district and serve as no basis for a comparison. Petitioner’s remedy, if any, lies in convincing the town fathers to broaden the special exception to encompass optometrists. The special exception applies to only physicians and dentists and cannot even by the most strained interpretation apply to optometrists as a provider of health services. To hold otherwise without the benefit of a legislative hearing and an amendment to the ordinance would be to substitute the court’s judgment for that of the public officials charged with the responsibility to enact and administer the building zone ordinance. In the court’s view, petitioners have failed to demonstrate any illegality and judicial intervention should not be countenanced. Certainly, special exception disputes such as the one at bar should be resolved by those public officials charged with the responsibility for doing so.
Based on the foregoing, the petition is dismissed. Although petitioners do not contest the board’s denial of the use variance, a review of the record discloses that petitioners’ proof does not show by the requisite “dollars and cents” evidence that the subject premises cannot yield a reasonable return if used for one of the purposes permitted within the zone. (See Matter of Blumberg v Siegel, 87 AD2d 650; Matter of Village Bd. of Vil. of Fayetteville v Jarrold, 53 NY2d 254, 263; Matter of Otto v Steinhilber, 282 NY 71, mot for rearg den 282 NY 681.)