**In the Matter of MID–ATLANTIC FUND, INC., Debtor.**

**Albert TOGUT, as Trustee in Bankruptcy for Mid-Atlantic Fund, Inc., Plaintiff,**

**v.**

**ARTHUR ANDERSEN & COMPANY, Defendant.**

**Bankruptcy No. 81 B 10835 (PA).
Adv. No. 83–5597A.**

United States District Court,
S.D. New York.

April 25, 1984.

fraud, pursuant to Rules 9(b), 12(b)(1), and 12(b)(6), Fed.R.Civ.P.[1]

■ Contrary to Andersen's assertion, this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1471(b) (Supp. V 1981). The action, which will clearly affect the estate, is "related to" the bankruptcy case and within the jurisdictional grant.[2] Andersen's claim that *Northern Pipeline Construction Co. v. Marathon Pipeline Co.*,[3] renders section 1471(b) unconstitutional has been rejected by our Court of Appeals on three occasions.[4] Exercise of jurisdiction pursuant to section 1471(b) is constitutional irrespective of whether the case is "related to" the bankruptcy case.[5]

■ Andersen's claim that the negligence count is time-barred is without merit. Andersen concedes it received timely notice,[6] and challenges only the manner of service, claiming that state law required in-hand, personal service. The manner of service in cases brought in the District Court is governed by Rule 4, Fed.R.Civ.P., which permits service by mail.[7] This is so notwithstanding that, under state law, service meeting only the requirements of Rule 4 would be deemed a "nullity" and, had the action been brought in state court, the statute of limitations, by reason of the nonpersonal service, would operate as a bar.[8] It is conceded that Rule 4 was complied with here.

■ Togut has adequately pleaded a claim of negligence. He alleges that Andersen was Mid-Atlantic's auditor in 1978 and 1979 and prepared "certified" statements of Mid-Atlantic's assets during those

Albert Togut, Chapter 7 Trustee, New York City.

Breed, Abbott & Morgan, New York City, for defendant; Edward J. Ross, James D. Zirin, James J. Sabella, New York City, of counsel.

EDWARD WEINFELD, District Judge.

This action is brought by the Trustee, Albert Togut ("Togut"), on behalf of the bankrupt, Mid-Atlantic Fund, Inc. ("Mid-Atlantic"), against the bankrupt's former accountants, Arthur Andersen & Co. ("Andersen"), seeking damages allegedly caused by Andersen's auditing of Mid-Atlantic's financial statements in 1978 and 1979. Andersen moves to dismiss the complaint, which alleges counts in negligence and

1. Upon the argument, a cross-motion by Togut, which sought an order referring the matter back to the Bankruptcy Court, was withdrawn.

2. *See In re Turner,* 724 F.2d 338, 341 (2d Cir. 1983).

3. 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982).

4. *In re Pine Assocs., Inc.,* 733 F.2d 208 at 210 (2d Cir.1984); *In re Adirondack Ry. Corp.,* 726 F.2d 60, 63 (2d Cir.1984); *In re Kaiser,* 722 F.2d 1574, 1577–78 (2d Cir.1983).

5. *In re Pine Assocs., Inc.,* No. 83–5063, slip op. at 2844 (2d Cir. Apr. 10, 1984).

6. *See* Memorandum in Support of Motion to Dismiss at 15 n. 10.

7. *Hanna v. Plumer,* 380 U.S. 460, 474, 85 S.Ct. 1136, 1145, 14 L.Ed.2d 8 (1965), *reaffirmed, Walker v. Armco Steel Corp.,* 446 U.S. 740, 749, 100 S.Ct. 1978, 1984, 64 L.Ed.2d 659 (1980).

8. *Hanna v. Plumer,* 380 U.S. 460, 463 n. 1, 85 S.Ct. 1136, 1139 n. 1, 14 L.Ed.2d 8 (1965).

years.[9]  This allegation invokes the accountant's duty "to perform in accordance with the standards of the accounting profession."[10]  In paragraphs 19 and 21 of the complaint, Togut further alleges:

> Anders[e]n violated [generally accepted auditing standards] with respect to the listing of the assets [on the financial statements] ... by failing to adequately investigate or obtain sufficient underlying documentation to determine whether the values assigned to those assets were accurate
>
> Anders[e]n violated [generally accepted accounting principles] by materially incorporating inflated values for the assets listed above in the 1978 and 1979 Financial Statements.

Given a fair construction, these allegations assert a violation of Andersen's alleged duty of care.  Togut also alleges that because of these breaches, Mid-Atlantic's 1978 and 1979 financial statements were materially misleading,[11] and that, as a result, Mid-Atlantic incurred greater debt than it would have otherwise, failed to take steps to avoid bankruptcy, and made unprofitable investments in companies listed as assets on its financial statements.[12]  The foregoing allegations state a claim for negligence.[13]  Whether the Trustee will be able to prove the alleged breaches of professional standards, or that such breaches proximately caused Mid-Atlantic loss, cannot be determined on a motion to dismiss pursuant to Rule 12(b)(6).  Nor can the issue of Mid-Atlantic's alleged contributory negligence.

■  The claim for "fraud," however, must be dismissed because Togut has failed to allege scienter, an essential element of a fraud claim.[14]  The allegation of scienter purportedly is made in paragraph 26 of the complaint, which states:

> Upon information and belief, Anders[e]n knew or acted with reckless disregard to the facts known to them concerning the materially misleading 1978 and 1979 Financial Statements.

This vague allegation in no way suggests that Andersen knowingly misstated the truth, knowingly failed to state a material fact, or recklessly disregarded the truth.[15]  Nothing else in the complaint cures the defect.[16]

The motion to dismiss the second count alleged in the complaint is granted.  In all other respects, Andersen's motion is denied.

So ordered.

---

9.  Complaint at ¶¶ 10–11.

10.  .In re Investors Funding Corp., 523 F.Supp. 533, 547 (S.D.N.Y.1980); see Cenco Inc. v. Seidman & Seidman, 686 F.2d 449, 453 (7th Cir.), cert. denied, 459 U.S. 880, 103 S.Ct. 177, 74 L.Ed.2d 145 (1982); IIT v. Cornfeld, 619 F.2d 909, 927 (2d Cir.1980); Fund of Funds, Ltd. v. Arthur Andersen & Co., 545 F.Supp. 1314, 1361 (S.D.N.Y.1982); White v. Guarente, 43 N.Y.2d 356, 361–62, 401 N.Y.S.2d 474, 478, 372 N.E.2d 315, 319 (1977).

11.  Complaint at ¶ 23.

12.  Id. at ¶¶ 15, 16, 20(b).

13.  See, e.g., Hryniak v. Nathan Littauer Hosp. Ass'n, 86 A.D.2d 699, 699, 446 N.Y.S.2d 558, 559 (1982).

14.  See, e.g., Jo Ann Homes at Bellmore, Inc. v. Dworetz, 25 N.Y.2d 112, 119, 302 N.Y.S.2d 799, 803, 250 N.E.2d 214, 217 (1969).

15.  See Mallis v. Bankers Trust Co., 615 F.2d 68, 78 (2d Cir.1980), cert. denied, 449 U.S. 1123, 101 S.Ct. 938, 67 L.Ed.2d 109 (1981); Mansbach v. Prescott, Ball & Turben, 598 F.2d 1017, 1025 (6th Cir.1979); Chris-Craft Indus., Inc. v. Piper Aircraft Corp., 480 F.2d 341, 398 (2d Cir.) (Gurfein, J., concurring), cert. denied, 414 U.S. 910, 94 S.Ct. 231, 38 L.Ed.2d 148 (1973); see also Restatement (Second) of Torts § 526(b) comment e (1976).

16.  Given this holding, it is unnecessary to address Andersen's arguments in connection with Rule 9(b).