JAMES MANEY, Appellant, v OWEN MALONEY, Respondent.

Third Department, May 24, 1984

### APPEARANCES OF COUNSEL

*Doherty & Doherty* for appellant.

*Stanton D. King* for respondent.

### OPINION OF THE COURT

LEVINE, J.

Plaintiff brought this action, sounding in tort, for the mental suffering he allegedly incurred as the result of defendant's having shot his brother. (Defendant was convicted of the crime of manslaughter following his guilty plea.) While the death of plaintiff's brother occurred on March 12, 1978, plaintiff did not file this suit until November 17, 1982. Plaintiff concedes that under ordinary circumstances, this action would be barred by the applicable one-year Statute of Limitations (CPLR 215, subd 3). However, he contends that he was rendered insane by his brother's death from the date thereof until a few months

before his complaint was filed. He argues that the Statute of Limitations was tolled during this period of insanity (see CPLR 208).

Defendant moved before Special Term for dismissal of the complaint on two grounds: (1) plaintiff's failure to state a cause of action, and (2) the barring of the case by the Statute of Limitations. Plaintiff cross-moved for an order extending the time to file based on his purported insanity (CPLR 208). Special Term dismissed the complaint on the ground that it failed to state a cause of action. This appeal ensued.

It is conceivable that plaintiff may have a viable cause of action. It has long been an established principle that no cause of action lies for "unintended harm sustained by one, solely as a result of injuries inflicted directly upon another" (*Tobin v Grossman,* 24 NY2d 609, 611; see, also, *Lafferty v Manhasset Med. Center Hosp.,* 54 NY2d 277, 279). However, this rule has recently been relaxed by the Court of Appeals decision in *Bovsun v Sanperi* (61 NY2d 219). It involved two suits. First, in the *Bovsun* case, a mother and daughter sued, *inter alia,* for the emotional trauma they suffered when their husband and father was struck by the defendants' car while he was standing next to the plaintiffs' parked car and they were sitting inside it. In *Kugel v Mid-Westchester Ind. Park* (decided with *Bovsun v Sanperi, supra*), a father and mother sued the defendants car owner and driver for their emotional suffering caused by the injury and ultimate death of their infant daughter in a car accident which occurred when all three of the Kugels were seated in the front seat of their car. The court held that: "where a defendant negligently exposes a plaintiff to an unreasonable risk of bodily injury or death, the plaintiff may recover, as a proper element of his or her damages, damages for injuries suffered in consequence of the observation of the serious injury or death of a member of his or her immediate family" (61 NY2d, at pp 230-231). Stated prerequisites to maintaining this cause of action are that the plaintiff must either have witnessed or become instantaneously aware of the injury (*supra,* at p 233) and must himself have been physically in the "zone of danger" at the time of the incident (*supra,* at p 233).

Applying this new standard for recovery to the instant case, the allegations contained in plaintiff's complaint are insufficient to state a cause of action in at least two respects. First, he does not allege that he observed or became instantaneously aware of the shooting, and second, he does not allege that he was within the zone of danger at the time of the incident. Indeed, there is no indication in the record as to plaintiff's exact whereabouts at the time his brother was shot. Accordingly, it is clear that plaintiff's complaint, as it now stands, does not state a cause of action for the emotional trauma he experienced as a result of his brother's death, even given the more liberal standard set forth in *Bovsun* (*supra*). However, there is a suggestion in plaintiff's affidavit that he was in his brother's presence immediately *after* the shooting. In view of the fact that plaintiff's whereabouts at the time of his brother's injury has only become relevant as the result of the very recent change in this area of the law occasioned by the *Bovsun* decision, it would seem equitable to allow plaintiff to replead his complaint here, giving him the opportunity to allege and prove that he was within the zone of danger and was instantly aware of his brother's shooting, if, in fact, he was. Although plaintiff did not request permission to re-plead in the event that defendant's motion to dismiss was granted, this failure does not prevent the granting of leave to replead in these circumstances (*Piffath v Esposito,* 58 AD2d 577). Since the complaint does not set forth facts showing that plaintiff has a cause of action, leave to replead is conditioned upon his showing at Special Term that he has " 'good ground to support his cause of action' " (*supra,* citing CPLR 3211, subd [e]; see, also, *Sanders v Schiffer,* 39 NY2d 727).

Plaintiff may also have a cause of action against defendant for the *intentional* infliction of emotional suffering. "[I]t would seem to follow that if damages may be recovered for mental anguish caused accidentally, they should certainly be recoverable for the same injury caused intentionally" (*Halio v Lurie,* 15 AD2d 62, 66). This cause of action, sounding in intentional tort, may be viable in cases where the defendant, by extreme and outrageous conduct, causes injury to a third person, thereby intentionally or

recklessly causing severe emotional distress to a member of such person's family who is present at the time (see Restatement, Torts 2d, § 46, subd [2], par [a]; see, also, *Hutchinson v Stern,* 115 App Div 791, 793 [Kruse, J., dissenting], app dsmd 189 NY 577). Plaintiff has alleged in his complaint that it was defendant's intent "to cause plaintiff extreme and severe emotional distress and trauma" by shooting his brother. However, as with the cause of action for emotional trauma which is negligently caused to a third party indorsed in the *Bovsun* case (*supra*), there must be an allegation in the complaint that the plaintiff was physically present when the injury to the family member occurred (see Restatement, Torts 2d, § 46, subd [2], par [a]). Since, as noted above, plaintiff has failed to so allege, it is again appropriate that the case be remitted with leave to replead (see *Hutchinson v Stern, supra,* pp 793-794).

In so ruling, we do not speak to the issue of whether the Statute of Limitations was tolled under CPLR 208, during the period of plaintiff's alleged insanity. This matter will have to be determined by a separate hearing after the amended complaint has been filed (see *Dunn v Mager,* 47 AD2d 919).

The order should be modified, on the law and the facts, without costs, by granting plaintiff leave to replead upon the condition that he show at Special Term, within 30 days after service of a copy of the order to be entered hereon with notice of entry, that he has sufficient grounds to support his cause of action, and, as so modified, affirmed.

KANE, J. P., MAIN, CASEY and HARVEY, JJ., concur.

Order modified, on the law and the facts, without costs, by granting plaintiff leave to replead upon the condition that he show at Special Term, within 30 days after service of a copy of the order to be entered hereon with notice of entry, that he has sufficient grounds to support his cause of action, and, as so modified, affirmed.