(January 22, 1985)

■ PHILIP BOOTHE, Appellant, v B. HARVEY WEISS, Respondent. — In an action to recover damages for personal injuries sustained as a result of alleged optometric malpractice, plaintiff appeals from an order of the Supreme Court, Queens County (Hyman, J.), dated September 13, 1983, which, *inter alia,* dismissed his complaint as barred by the Statute of Limitations.

Order modified, on the law and in the exercise of discretion, by deleting the provision dismissing the complaint as barred by the Statute of Limitations and substituting therefor a provision dismissing the complaint for failure to state a cause of action, with leave to plaintiff to apply to Special Term for leave to replead, upon a showing of merit. As so modified, order affirmed, without costs or disbursements. Plaintiff's time to apply for leave to replead is extended until 20 days after personal service upon him of a copy of the order to be made hereon, with notice of entry.

Liberally read, the plaintiff's *pro se* complaint alleges that defendant, an optometrist, failed to diagnose a cataract and seeks unspecified general and punitive damages. Special Term dismissed the complaint as barred by the two-year and six-month medical malpractice Statute of Limitations (CPLR 214-a) and did not address that branch of defendant's motion which

sought to dismiss the complaint upon the ground that it failed to state a cause of action.

Inasmuch as the practice of optometry does not constitute the practice of medicine (see Education Law, §§ 6521, 7101; *Matter of Goldstein v Board of Zoning Appeals,* 113 Misc 2d 756, 758; 70 CJS, Physicians and Surgeons, § 1, pp 810-811), the medical malpractice Statute of Limitations is inapplicable and this action, commenced within three years of the alleged malpractice, is timely (CPLR 214, subd 6; see *Roberts v Gross,* 100 AD2d 540; *Chodos v Flanzer,* 90 AD2d 838). Nonetheless, the complaint should be dismissed for failure to state a cause of action.

Even if the defendant's alleged failure to diagnose the presence of a cataract constituted a breach of duty, an issue which itself is not free from doubt (see Ann., 51 ALR3d 1273; Ann., 88 ALR2d 1290, 1312; Comment, Optometrists' Tort Liability, 8 Cleveland-Marshall L Rev 263; Ann., 51 ALR3d 1273, 1275-1276; 61 Am Jur 2d, Physicians, Surgeons and Other Healers, §§ 225, 233), and on which we express no opinion at this time, such a breach of duty, without more, caused plaintiff no cognizable injury (see 17 Am Jur, Proof of Facts, Optometric Malpractice, § 47; Ann., 68 ALR2d 426, § 7, subd [b]), a necessary element of the cause of action (*Hryniak v Littauer Hosp. Assn.,* 86 AD2d 699; *Greco v National Transp. Co.,* 15 AD2d 462; 1A Warren's Negligence, Actionable Negligence, § 5.01). To the extent that punitive damages are sought, the allegations of the complaint are also inadequate (*Twitchell v MacKay,* 78 AD2d 125, 130; 7A Warren's Negligence, Punitive Damages, § 3.02, subd [1]). Because it is possible that plaintiff may be able to remedy these deficiencies, he is granted leave to replead "conditioned upon his showing, at Special Term, that he has 'good ground to support his cause of action' (cf. CPLR 3211, subd [e])" (*Piffath v Esposito,* 58 AD2d 577; see, also, *Sanders v Schiffer,* 39 NY2d 727, 729). Titone, J. P., Mangano, Gibbons and O'Connor, JJ., concur.