■ GARY ZAMBITO, Appellant, v JOSEPH W. RYAN et al.,

Respondents.—In an action to recover damages, *inter alia,* for legal malpractice, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Hurowitz, J.), dated June 10, 1985, as granted the motion of the defendant Ryan, and the cross motion of the defendants Fariello and Carlino & Scharf to dismiss the complaint insofar as it is asserted against them.

Ordered that the order is modified, by adding a provision thereto granting the plaintiff leave to move in the Supreme Court, Kings County, if he be so advised, for leave to replead his cause of action sounding in legal malpractice upon a showing of merit (CPLR 3211 [e]). As so modified, the order is affirmed insofar as appealed from, without costs or disbursements. The plaintiff's time to move for leave to replead is extended until 30 days after service upon him of a copy of this decision and order, with notice of entry.

The complaint in this case failed to state a cause of action sounding in conspiracy, fraud or prima facie tort, and was properly dismissed as against the defendant Fariello and, insofar as those causes of action are concerned, as against the defendants Ryan and Carlino & Scharf. In addition, the complaint did not contain allegations of fraud or deceit sufficient to state a cause of action against the defendants Ryan and Carlino & Scharf under Judiciary Law § 487.

However, the complaint did allege that the defendant attorneys, over the plaintiff's objection, accepted payment from the plaintiff's former employers in connection with the representation of the plaintiff on criminal charges arising out of his former employment. It was further alleged that, as a result of this conflict of interest, the defendant attorneys failed to introduce evidence at the plaintiff's trial which was exculpatory as to him but which inculpated his former employers, thereby causing his conviction. Although the foregoing allegations inartfully attempt to make out a cause of action sounding in legal malpractice, the complaint, as it now stands, fails to do so. Nevertheless, because it appears that the plaintiff might be able to remedy the deficiencies in his complaint and to properly plead a cause of action sounding in legal malpractice *(see, Sherbak v Doughty,* 72 AD2d 548), he should be permitted, if he be so advised, to seek leave to replead that cause of action, upon an evidentiary showing that the cause of action has merit *(see,* CPLR 3211 [e]; *see also, Sanders v Schiffer,* 39 NY2d 727, 729; *Boothe v Weiss,* 107 AD2d 730, 731; *Maney v Maloney,* 101 AD2d 403, 405). Lazer, J. P., Mangano, Bracken and Niehoff, JJ., concur.