■ WILLIAM J. ANNICARO, Respondent, v STRUCTURTONE et

al., Appellants. (And a Third-Party Action.)—Harvey, J. Appeals (transferred to this court by order of the Appellate Division, Second Department) (1) from an order of the Supreme Court (Owen, J.), entered March 28, 1990 in Orange County, which granted plaintiff's motion for leave to serve an amended complaint, and (2) from an order of said court, entered August 28, 1990 in Orange County, which denied defendants' motions to dismiss the complaint as being barred by, *inter alia,* the Statute of Limitations.

Plaintiff, an employee of third-party defendant Sunarhauseman, sustained a back injury while working as a carpenter at a building owned by defendant Zale Corporation in New York City. Defendant Structurtone served as general contractor at the project. At the time of the accident, plaintiff was attempting to carry a heavy panel through a narrow doorway. When plaintiff twisted his body to fit the panel through the door, he was injured as he straightened to an upright position.

Thereafter, plaintiff served a complaint alleging that defendants were liable for his injuries pursuant to Labor Law § 240 (1) because they failed to provide necessary equipment such as jacks, dollies, lifts or other machines with which to move the panels safely. Both defendants answered and then separately moved to dismiss the complaint. Supreme Court granted these motions pursuant to CPLR 3211 (a) (7)* finding that the complaint failed to state a cause of action under Labor Law § 240 (1). The judgment entered on this order dismissed the complaint "without prejudice to plaintiff's applying to the court within 60 days after entry of this judgment for leave to replead pursuant to CPLR 3211 (e) upon an evidentiary showing of merit".

Plaintiff subsequently moved within 60 days for an order permitting him to file a complaint alleging a cause of action against defendants pursuant to Labor Law § 241 (6). Supreme Court granted this motion and allowed plaintiff leave to serve the proposed amended complaint within 30 days of entry of the order. Defendants appealed this order. Following service of an amended complaint, both defendants moved for its dismissal on res judicata and Statute of Limitations grounds *(see,* CPLR 3211 [a] [5]). Supreme Court denied both motions and defendants also appealed from the order entered upon this decision.

---

* Although defendants vigorously contend that Supreme Court's dismissal of the original complaint was pursuant to CPLR 3212, this argument is belied by the plain wording of Supreme Court's order, judgment and decision.

We affirm. Initially, we find no abuse of discretion in Supreme Court's decision to allow plaintiff to serve an amended complaint. While it is true that plaintiff did not request leave to replead in his papers in opposition to defendants' original motions to dismiss *(see,* CPLR 3211 [e]), courts have, however, granted leave to replead in the absence of request to do so when it appears that there are good grounds to support the repleaded cause of action *(see, e.g., Virelli v Goodson-Todman Enters.,* 142 AD2d 479, 487; *Maney v Maloney,* 101 AD2d 403, 405; *Valez v Feinstein,* 87 AD2d 309, 318-319, *lv dismissed in part and denied in part* 57 NY2d 605; *Piffath v Esposito,* 58 AD2d 577).

Here, in support of plaintiff's motion to allow him to replead, plaintiff submitted a sufficiently compelling affidavit of merit detailing the facts surrounding his accident. Moreover, plaintiff added no new facts to his complaint; he simply renamed his cause of action as accruing pursuant to Labor Law § 241 (6) instead of Labor Law § 240 (1). Under these circumstances, we cannot say that Supreme Court's action in allowing plaintiff to replead was an improvident exercise of its discretion.

The remaining arguments advanced by defendants, including their claims that the amended complaint is barred by the doctrine of res judicata and the applicable Statute of Limitations, have been examined and have been found to be lacking in merit.

Mahoney, P. J., Weiss, Mikoll and Yesawich Jr., JJ., concur. Ordered that the orders are affirmed, with costs.