■ MARTELL REALTY, Appellant-Respondent, v VANDERVEER-OAKDALE ASSOCIATES et al., Respondents-Appellants. [696 NYS2d 842] —In an action to recover a real estate broker's commission,

the plaintiff appeals from so much of an order of the Supreme Court, Nassau County (Segal, J.), entered July 7, 1998, as granted the defendants' motion to dismiss the complaint, and the defendants cross-appeal from so much of the same order as, upon granting their motion, granted the plaintiff leave to plead again pursuant to CPLR 3211 (e).

Ordered that the appeal is dismissed for failure to perfect the same in accordance with the rules of this Court (see, 22 NYCRR 670.8 [c], [e]); and it is further,

Ordered that the order is affirmed insofar as cross-appealed from; and it is further,

Ordered that the plaintiff is awarded one bill of costs.

Contrary to the defendants' contentions, the Supreme Court providently exercised its discretion when, in granting the defendants' motion to dismiss the complaint pursuant to CPLR 3211 (a) (7), it permitted the plaintiff to plead again (see, CPLR 3211 [e]). The court possessed the discretion to award this relief to the plaintiff notwithstanding the plaintiff's failure to request it in its opposition papers (see, Sanders v Schiffer, 39 NY2d 727; Annicaro v Structurtone, 175 AD2d 546; Zambito v Ryan, 125 AD2d 462; Boothe v Weiss, 107 AD2d 730; Maney v Maloney, 101 AD2d 403). Accordingly, it is academic as to whether it was appropriate for the plaintiff to request that relief in a letter submitted after the return date of the motion. Furthermore, on the instant record we are satisfied that the plaintiff demonstrated "good ground" to plead again (CPLR 3211 [e]; see, Getreu v Plaxall, Inc, 261 AD2d 574; Gershner v Sisca, 253 AD2d 785; Buck v Cimino, 243 AD2d 681; Werner v Katal Country Club, 234 AD2d 659). S. Miller, J. P., Sullivan, Altman and McGinity, JJ., concur.