■ ROBERT SCHAIBLE et al., Appellants, v JOHN KANE, Respondent.—In a negligence action to recover damages for personal injuries, etc., the plaintiffs appeal from a judgment of the Supreme Court, Putnam County (Dickinson, J.), dated January 12, 1988, which, upon separate jury verdicts (1) finding the plaintiff Robert Schaible was 40% at fault in the happening of the accident, and the defendant was 60% at fault in the happening of the accident, and (2) finding that the plaintiff Robert Schaible suffered damages in the amount of $134,200 and the plaintiff Candace Schaible suffered damages in the amount of $1,363.64, is in their favor and against the defendant in the principal sum of only $81,841.68.

Ordered that the judgment is reversed, on the law and the facts, with costs, and the matter is remitted to the Supreme Court, Putnam County, for a new trial on the issue of the apportionment of fault only. The findings of fact as to damages are affirmed.

On November 7, 1982, the plaintiff Robert Schaible was

injured when the automobile he was driving on Route 100 in the Town of Somers was struck in the rear by a van driven by the defendant, who is that plaintiff's brother-in-law. The plaintiffs brought the instant action against the defendant claiming that the accident was caused solely by the defendant's negligent operation of his van. At a bifurcated jury trial on the issues of liability and damages, the jury apportioned 40% of the fault in the happening of the accident to the plaintiff Robert Schaible and 60% to the defendant, and set damages at $150,000 for economic loss (from which $30,800 was subtracted, since the plaintiff Richard Schaible had already received no-fault insurance benefits), $15,000 for pain and suffering, and $1,363.64 for his wife's loss of consortium. On appeal, the plaintiffs argue, *inter alia,* that the Supreme Court, Putnam County, erred in denying their motion to set aside the jury verdict on apportionment of fault as being against the weight of the credible evidence. We agree.

At the trial, the plaintiff, Robert Schaible testified that in the early morning hours of November 7, 1982, he and the defendant, his brother-in-law, left the Schaibles' home in Mahopac, New York, for Montauk, Long Island, where they intended to install a stereo in Robert Schaible's boat. The plaintiff Robert Schaible was driving his automobile and the defendant was following him in a van. When the two men reached Route 100 in the Town of Somers, Robert Schaible was traveling at a speed of approximately 35 miles per hour, and the defendant was driving directly behind him. According to Robert Schaible's testimony at the trial, as he was driving, he observed a deer walking across Route 100 away from his lane of traffic. At that point, he took his foot off the accelerator and slowed down to approximately 10 miles per hour. He claimed that, although he placed his foot on the brake, he never applied the brake. His vehicle was struck in the rear by the defendant.

The defendant testified that immediately prior to the accident, he was traveling at approximately 35 miles per hour, and was 3 or 4 car lengths behind the plaintiff Robert Schaible. The defendant acknowledged that he took his eyes off the road for a "second or two" when he leaned over to pick up a tape which he dropped on the floor of the van. When the defendant glanced back at the road, he struck the plaintiff Robert Schaible's car in the rear. The defendant stated that he knew that Robert Schaible had slowed down but did not know whether the plaintiff had stopped suddenly. Following

the accident, Robert Schaible told the defendant that he slowed down because a deer was in the roadway.

The jury's finding that the plaintiff Robert Schaible was 40% at fault for the happening of the accident is against the weight of the credible evidence. It is well established that the standard for determining whether a verdict should be set aside as being against the weight of the evidence is whether the jury could have reached its determination under any fair interpretation of the evidence (see, Cohen v Hallmark Cards, 45 NY2d 493; Nicastro v Park, 113 AD2d 129). Although the jury may have determined that the plaintiff Robert Schaible overreacted in suddenly reducing the speed of his vehicle when he saw a deer which was apparently walking away from his traffic lane (see, Vehicle and Traffic Law § 1163), no fair interpretation of the evidence supports a finding that he was 40% at fault. Accordingly, we remit the matter for a new trial on the issue of liability only.

However, we are satisfied that the verdict of $150,000 for economic loss to Robert Schaible, $15,000 for his pain and suffering, and $1,363.64 for his wife's loss of consortium was, based upon the evidence adduced at the trial, not inadequate. Mollen, P. J., Thompson, Kunzeman and Rubin, JJ., concur.