■ COOPER SQUARE REALTY, INC., Appellant, v A.R.S. MANAGEMENT, LTD., et al., Respondents.—Order, Supreme Court, New York County (Carol E. Huff, J.), entered March 21, 1991, which granted defendants' motion to dismiss the first, second and fourth causes of action of plaintiff's amended complaint, unanimously affirmed, without costs.

Plaintiff commenced this action to recover brokerage fees under an agreement with defendants which provided, inter alia, for the appointment of plaintiff as exclusive rental, and management sales agent for defendant's Charles Street property in Manhattan. The agreement further provided that defendants would pay plaintiff "on any commercial lease or on a sale, a commission to be separately determined." Defendants terminated the agreement and some seven months thereafter sold the premises through the efforts of another broker. Plaintiff had performed no services relating to the sale. Defendants moved to dismiss pursuant to CPLR 3211, which motion was granted by the court, finding that there was never a brokerage contract because of the absence of an essential term, the rate of compensation.

As price is an essential ingredient of every contract for the rendering of services, an agreement must be definite as to compensation (Ellenberg v Schneider, 109 Misc 2d 1058). Where no fee is stated, courts may not calculate a fee without custom and usage evidence to establish an extrinsic standard which is " 'fixed and invariable' " in the industry in question (Hutner v Greene, 734 F2d 896, 900). As no objective method or formula was provided for determining a commission, the

exclusive sales contract was merely an agreement to agree and was unenforceable *(Martin Delicatessen v Schumacher,* 52 NY2d 105). Nor is the Uniform Commercial Code of assistance to plaintiff herein as it involves transactions in goods, not services *(see, Communications Groups v Warner Communications,* 138 Misc 2d 80). Concur—Sullivan, J. P., Wallach, Asch, Kassal and Rubin, JJ.