■ JERRY GERSHNER, Respondent, v JOSEPH J. SISCA, JR., et al., Appellants. [677 NYS2d 605] —In an action to recover brokerage commissions, the defendants appeal from so much of an order of the Supreme Court, Westchester County (Silverman, J.), entered January 16, 1998, as denied their motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff alleges that, after the defendants found it impossible to communicate with their long-time tenant, they hired him to negotiate a new lease agreement with the tenant. The plaintiff further contends that he proposed that the defendants and their tenant enter into a new lease for a new and larger store. He further contends that he and the defendants reached an oral agreement that he was to receive a commission if he were able to obtain such an agreement. That contention is supported by a statement in a letter dated July 7, 1993, from the defendants to the plaintiff acknowledging that they should pay something approaching a full commission for an agreement to expand the store and raise the rent to market levels, because that "would be almost like obtaining a brand new tenant".

In August 1993, the plaintiff and the defendants entered into a written agreement which, in addition to setting the commission to be paid in the event the tenant's lease was renewed, provided that the defendant Lakeview Associates was to refer to the plaintiff all inquiries with respect to the leasing of store space from whatever sources, and to conduct all leasing negotiations through the plaintiff. The written agreement further provided: "If any store is leased after the expiration of this agreement to any person who has negotiated for the stores

during the term of this agreement, then Lakeview shall pay to the Broker a brokerage commission as set forth above".

Thereafter, according to the plaintiff, he maintained contact with the tenant, ascertained under what competitive conditions the tenant would enter into a new lease for an expanded store, and informed the defendants of those conditions. However, the defendants refused to return his telephone calls.

In early 1994, after those conditions were apparently met, the defendants resumed negotiations with the tenant and were able to agree on the business terms of the lease very quickly. During those negotiations, the defendants informed the plaintiff that no brokers were to be involved.

Under the circumstances, there are questions of fact as to whether there was an agreement to provide brokerage services with respect to negotiating a new lease for an expanded store, and whether the plaintiff was excluded from the negotiations in bad faith "as a mere device to escape payment of the commission" (*Werner v Katal Country Club*, 234 AD2d 659, 662; *see, Aegis Prop. Servs. Corp. v Hotel Empire Corp.*, 106 AD2d 66).

Accordingly, summary judgment was properly denied. Copertino, J. P., Santucci, Goldstein and Luciano, JJ., concur.