■ LAVERNE GETREU, Respondent-Appellant, v PLAXALL INCORPORATED, Appellant-Respondent. [690 NYS2d 694] —In an action to recover a real estate broker's commission, (1) the defendant appeals from (a) a decision of the Supreme Court, Nassau County (O'Connell, J.), dated April 3, 1998, which denied its motion to set aside a jury verdict on the issue of liability finding that the plaintiff was the procuring cause of two of the leases at issue and, after a nonjury trial on the issue of damages, found that the plaintiff was entitled to recover the principal sum of $304,305.60, and (b) a judgment of the same court, dated May 7, 1998, which is in favor of the plaintiff and against it in the principal sum of $304,305.60, and (2) the plaintiff cross-appeals (a), as limited by his brief, from so much of the decision as, in calculating the damages, deducted construction costs and operating expenses, and (b) from the judgment on the ground of inadequacy.

Ordered that the appeal and the cross appeal from the decision are dismissed, as no appeal lies from a decision (*see, Schicchi v Green Constr. Corp.,* 100 AD2d 509); and it is further,

Ordered that the judgment is modified, on the law, by deleting the provision thereof awarding a commission in the principal sum of $304,305.60, and substituting therefor a provision awarding a commission in the principal sum of

$396,356.47; as so modified, the judgment is affirmed, and the matter is remitted to the Supreme Court, Nassau County, for the entry of an appropriate judgment in accordance herewith; and it is further,

Ordered that the plaintiff is awarded one bill of costs.

Contrary to the defendant's contention, the trial court properly denied its motion to set aside the verdict on the issue of liability as against the weight of the evidence. It is well settled that in order for a court to find that a verdict is against the weight of the evidence, there must be no valid line of reasoning and permissible inferences which could possibly lead rational people to the conclusion reached by the jury on the basis of the evidence presented at trial (*see, Lolik v Big V Supermarkets,* 86 NY2d 744; *Cohen v Hallmark Cards,* 45 NY2d 493). Here, the record established that upon entering an agreement with the defendant's president, the plaintiff, a licensed real estate broker, was the procuring cause for two of the leases signed by the defendant and the State of New York. The evidence was undisputed that the plaintiff initiated telephone conversations, maintained written correspondence, and arranged and attended meetings between the parties, thereby generating a chain of circumstances that ultimately led to the leases, and entitling him to the agreed-upon broker's commission (*see,* 2 Warren's Weed, New York Real Property, Brokers, § 6.01 [4] [a] [4th ed 1998]; *see also, Buck v Cimino,* 243 AD2d 681). Upon the evidence presented of the plaintiff's continuing efforts to keep the deal alive, the jury's finding that the plaintiff did not abandon his efforts to procure a tenant and that he was, in fact, the procuring cause of two of the leases is entitled to great deference, as it had the opportunity to view the witnesses, hear their testimony, and observe their demeanor (*see, John Eric Jacoby, M.D., P. C. v Loper Assocs.,* 249 AD2d 277; *Adinolfi v Adinolfi,* 242 AD2d 311).

Although the trial court properly deducted the cost of construction from the commissions, the court erred by additionally deducting operating expenses. Unlike construction costs, operating expenses were not addressed in the commission agreement and there was no basis for admitting extrinsic evidence as to what the parties purportedly intended (*see, W.W.W. Assocs. v Giancontieri,* 77 NY2d 157; *Automotive Mgt. Group v SRB Mgt. Co.,* 239 AD2d 450). Accordingly, the judgment is modified by adding those expenses to the sum awarded to the plaintiff.

The defendant's remaining contentions are without merit. O'Brien, J. P., Goldstein, Luciano and Schmidt, JJ., concur.