■ RICHARD GOLDSTEIN, Appellant, v GUY BALLIRANO, Respondent, et al., Defendants. [694 NYS2d 404] —In an action to recover a broker's commission, the plaintiff appeals from (1) a decision of the Supreme Court, Westchester County (Silverman, J.), entered May 8, 1998, and (2) a judgment of the same court (Colabella, J.), entered August 18, 1998, which, upon a submission of a stipulated set of facts, was in favor of the respondent and against him, dismissing the complaint.

Ordered that the appeal from the decision is dismissed as no appeal lies from a decision (*see, Schicchi v Green Constr. Corp.,* 100 AD2d 509); and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that the respondent is awarded one bill of costs.

The plaintiff, a licensed real estate broker, commenced this action to recover a broker's commission arising from a lease of the defendant Guy Ballirano's property in White Plains, New York, to the defendant Saturn of White Plains, Inc. (hereinafter Saturn). Following a nonjury trial on stipulated facts, the Supreme Court found that the plaintiff had a valid, oral broker's agreement with Ballirano. However, the court held that the plaintiff failed to prove that he was the procuring

cause of the sale. Accordingly, the court dismissed the complaint. We affirm.

In the absence of a special agreement, a broker does not automatically earn a commission simply because he initially calls the property to the attention of the ultimate lessee. There must be "a direct and proximate link, as distinguished from one that is indirect and remote, between the bare introduction and the consummation" of the sale (*Greene v Hellman,* 51 NY2d 197, 206; *see also, Helmsley-Spear, Inc. v Melville Corp.,* 203 AD2d 517). The plaintiff had, at best, an oral, non-exclusive agreement with Ballirano. He arranged one meeting between Ballirano and representatives of Saturn when a proposed rental rate and term were discussed. Thereafter, Saturn declined to proceed with the lease at that time. The plaintiff had no contact with Ballirano between October of 1992 and August 30, 1994, when the lease between Ballirano and Saturn was signed. Thus the "plaintiff's efforts were not 'about to prove effectual' at the time they ceased, approximately two years before the lease was executed" (*Helmsley-Spear, Inc. v 150 Broadway N. Y. Assocs.,* 251 AD2d 185, quoting *Goodman v Marcol, Inc.,* 261 NY 188, 192), and he is not entitled to a commission.

The plaintiff's remaining contentions are either unpreserved for appellate review or without merit. S. Miller, J. P., Goldstein, H. Miller and Smith, JJ., concur.