■ ORMOND PARK REALTY, INC., Appellant, v ROUND HILL DEVELOPMENT CORP. et al., Respondents. [699 NYS2d 116] —In an action to recover a brokerage commission, the plaintiff appeals from an order of the Supreme Court, Nassau County (Driscoll, J.), dated July 7, 1998, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

In 1995 the estate of Flora Whitney Miller consisted of 100 acres of undeveloped real property and a residence (hereinafter the Miller Estate). For some time the real property was for sale by the executor as a single unit. The defendant Round Hill Development Corp. (hereinafter Round Hill), by its principals, the defendants Stewart Senter and Robert Praver, had been negotiating to buy the property, intending to subdivide it. On three occasions, twice in August and once in October 1995, the plaintiff, a real estate broker, took the defendants Clifford P. Lane and Randi Lane to see the Miller Estate. The Lanes were interested in the residence, but it was not for sale separately, so they continued to look at other properties. Nine months later, in July 1996, the Miller Estate was subdivided into 21 three- to five-acre parcels, and the subdivision map was filed in the Nassau County Clerk's Office on August 7, 1996. On August 12, 1996, Round Hill purchased the entire property from the

executor. On August 20, 1996, the Lanes entered into a contract with Round Hill to purchase a 3.6-acre unimproved residential parcel within the newly-created subdivision. The transaction closed in May 1997.

In November 1997 the plaintiff sued for a brokerage commission. The court granted the defendants' motion for summary judgment. We affirm.

It is well established that a broker is entitled to recover a commission only if he establishes (1) that he or she is duly licensed, (2) that he or she had a contract, express or implied, with the party to be charged with paying the commission, and (3) that he or she was the procuring cause of the sale (see, Buck v Cimino, 243 AD2d 681, 684; Sibbald v Bethlehem Iron Co., 83 NY 378; Greene v Hellman, 51 NY2d 197). The plaintiff failed to set forth any proof that it had an oral or written agreement, express or implied, with any of the defendants. The record is also devoid of evidence that the plaintiff negotiated the terms of any sale. Finally, the plaintiff was not a "direct and proximate link" in, and therefore was not the procuring cause of, the Lanes' purchase of the 3.6-acre parcel in the Round Hill subdivision 10 months after the plaintiff showed them a residence belonging to the Miller Estate (see, Greene v Hellman, supra, at 206). Krausman, J. P., McGinity, Feuerstein and Smith, JJ., concur.