■ FRIEDLAND REALTY INC., Respondent, v ANTHONY PIAZZA, JR., Appellant, et al., Defendants. [710 NYS2d 97] —In an action to recover a broker's commission, the defendant Anthony Piazza, Jr., individually and as partner of Paulbob Realty Company, appeals from (1) a decision of the Supreme Court, Westchester County (Friedman, J.H.O.), dated March 23, 1999, which found that the plaintiff was entitled to recover from the defendant the principal sum of $68,461, and (2) a judgment of the same court, dated April 26, 1999, entered upon the decision, which is in favor of the plaintiff and against the defendant Anthony Piazza, Jr., individually and as a partner of Paulbob Realty Company, in the principal sum of $68,461.

Ordered that the appeal from the decision is dismissed, as no appeal lies from a decision (see, Schicchi v Green Constr. Corp., 100 AD2d 509); and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that the plaintiff is awarded one bill of costs.

It is well established that a broker is entitled to recover a commission if he establishes (1) that he or she is duly licensed, (2) that he or she had a contract, express or implied, with the party to be charged with paying the commission, and (3) that he or she was the procuring cause of the sale (see, Ormond Park Realty v Round Hill Dev. Corp., 266 AD2d 523; Buck v Cimino, 243 AD2d 681, 684; Greene v Hellman, 51 NY2d 197; Sibbald v Bethlehem Iron Co., 83 NY 378). Based upon a fair interpretation of the evidence (see, Greenberg v Behlen, 220 AD2d 720; Nicastro v Park, 113 AD2d 129), and contrary to the contentions of the defendant Anthony Piazza, Jr. (hereinafter the defendant), the plaintiff did establish the defendant's conscious appropriation of its efforts and the existence of a valid nonexclusive implied agreement between the plaintiff and the defendant (see, Goldstein v Ballirano, 262 AD2d 529; Greene v Hellman, supra; Sibbald v Bethlehem Iron Co., supra). It is clear that the plaintiff, through its brokers, was the procuring cause of the June 1, 1995, lease deal between the defendant, as lessor, and the codefendant, Dirty Laundry Wash Dry Fold Service Ltd., as lessee. The evidence adduced established an amicable atmosphere, set up by the plaintiff, in which negotiations proceeded and generated a chain of circumstances that proximately led to the lease deal (see, Getreu v Plaxall Inc., 261 AD2d 574; Buck v Cimino, supra; 2 Warren's Weed, New York Real Property, Brokers § 6.01 [4] [a] [4th ed]; cf., Lanstar Intl. Realty v New York News, 206 AD2d 411; Getreu v Liebowitz, 162 AD2d 585). The defendant's last minute attempt to eliminate the plaintiff's commission was a " 'mere device to escape

payment of the commission' " (*Gershner v Sisca,* 253 AD2d 785; *Werner v Katal Country Club,* 234 AD2d 659, 662).

The defendant's remaining contentions are either unpreserved for appellate review or are without merit. O'Brien, J. P., Joy, Luciano and Schmidt, JJ., concur.