■ ROSEN ASSOCIATES MANAGEMENT CORP., Appellant, v BRUCKNER PLAZA ASSOCIATES et al., Respondents, et al., Defendant. [743 NYS2d 282] —In an action, inter alia, to recover brokerage commissions, the plaintiff appeals, as limited by its brief, from so much of a judgment of the Supreme Court, Nassau County (Martin, J.), entered January 22, 2001, as, after a nonjury trial, dismissed the plaintiff's first, second and fourth causes of action against the defendants Bruckner Plaza Associates, Toys "R" Us, Inc., and Toys "R" Us-NY Limited Partnership.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

The Supreme Court properly dismissed the plaintiff's first cause of action to recover a brokerage commission with respect to the transaction whereby the defendant Caldor Corporation (hereinafter Caldor) took possession of space at the Bruckner Plaza Shopping Center (hereinafter the Center), pursuant to two agreements with the defendant Bruckner Plaza Associates (hereinafter BPA). Although BPA expressly assumed the liabilities of a receiver pursuant to the order terminating the receivership, the plaintiff failed to establish that the receiver was required to pay a commission to it on the Caldor transaction, since the plaintiff was not the procuring cause of the Caldor agreements (*see Greene v Hellman,* 51 NY2d 197; *Goldstein v Ballirano,* 262 AD2d 529). Moreover, the record reasonably supports a finding that the plaintiff would not have obtained the requisite approvals from the receiver or the foreclosure court, notwithstanding the fact that BPA failed to disclose the Caldor agreements to the plaintiff prior to the termination of the receivership.

In addition, the Supreme Court properly dismissed the plaintiff's second and fourth causes of action, which alleged tortious interference with a contract on the part of BPA and the defendant Toys "R" Us, Inc., and Toys "R" Us-NY Limited Partnership (hereinafter collectively Toys "R" Us). The plaintiff failed to establish either an actual breach of the management agreement between the plaintiff and the receiver, or that BPA or Toys "R" Us intentionally procured a breach of the management agreement (*see Lama Holding Co. v Smith Barney,* 88 NY2d 413; *Waste Servs. v Jamaica Ash & Rubbish Removal Co.,* 262 AD2d 401). Altman, J.P., Schmidt, Townes and Cozier, JJ., concur.