■ Town & Country Southampton, Inc., Appellant, v Harry Grey et al., Respondents. [750 NYS2d 516] —In an action, inter alia, to recover a brokerage commission, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (Costello, J.), dated June 21, 2000, as granted those branches of the separate motions of the defendants Mark Mensch and Peak Fitness Development, Inc., doing business as Southampton Sports and Rehabilitation, and the defendants Harry Grey, Alice Leydon, and Charles and Maxwell Grey Trust, which were for summary judgment dismissing the first cause of action insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed from, with costs.

To recover a commission, a broker must establish that he or she is duly licensed, that he or she has a contract, express or implied, with the party charged with paying the commission, and that he or she was the procuring cause of the sale or lease (*see Ormond Park Realty v Round Hill Dev. Corp.,* 266 AD2d 523). In opposition to the defendants' prima facie showing of

entitlement to judgment as a matter of law on the ground that neither the plaintiff nor its agent was the procuring cause of the lease (*see Greene v Hellman,* 51 NY2d 197; *Brown & Son Realty v Greenberg,* 195 AD2d 583), the plaintiff's unsupported and conclusory allegation of bad faith on the part of the defendants failed to raise a triable issue of fact (*see generally Bassim v Howlett,* 191 AD2d 760; *Symanski v East Ramapo Cent. School Dist.,* 117 AD2d 18; *cf. Gershner v Sisca,* 253 AD2d 785). Santucci, J.P., McGinity, Luciano and Schmidt, JJ., concur.