■ JOSHUA RIVERA, an Infant, by His Mother and Natural Guardian, JEANETTE RIVERA, et al., Appellants, v 4064 REALTY Co., Respondent. (And a Third-Party Action.) [794 NYS2d 18]—

Order, Supreme Court, Bronx County (Kenneth L. Thompson, J.), entered January 14, 2004, which granted defendant's motion for judgment notwithstanding the verdict and dismissed the complaint, unanimously reversed, on the facts, without costs, defendant's motion denied and the verdict reinstated. The Clerk is directed to enter judgment in favor of plaintiff accordingly.

This is the second appeal arising from this personal injury litigation which resulted from a three-story fall by an infant through a window ostensibly made safe by the installation of a guard. Our first review reversed the IAS court's dismissal of plaintiff's claims and reinstated this action since we found that the evidence demonstrated that triable issues of fact existed as to whether defendant negligently installed a window guard and whether any such negligence was a proximate cause of the infant's injuries (*Rivera v 4064 Realty Co.*, 270 AD2d 189 [2000]). After a thorough review of the trial record and with due consideration for the critical functions reserved to a jury as factfinder, we reverse the trial court's posttrial dismissal of plaintiff's claims and reinstate the jury's verdict.

At the conclusion of the trial of this matter, the jury unanimously found that defendant negligently installed a window guard in the fire escape window of plaintiff's apartment before the date of the accident and that defendant's negligence was a substantial factor in causing plaintiff's injuries. The jury further found that plaintiff's mother was negligent but that her negligence was not a substantial factor in causing her infant son's injuries. The jury reached these conclusions after evaluating contrasting and contradictory testimony. In granting defendant's motion for judgment notwithstanding the verdict, the trial court evaluated the credibility of the witnesses and stated: "[w]hen all the testimony of plaintiffs' witnesses [is] juxtaposed to that of the landlord, Mr. Kowalkhuk, the credible evidence presented at trial [ ] clearly favors defendant . . . Moreover, the inconsistent examination before trial testimony of plaintiffs' witnesses corroborates the deposition testimony of Mr. Kowalkhuk read into the record at trial." Overturning a jury verdict based on an alternate view of witness credibility was error.

A determination that a verdict was based on legally insufficient evidence "requires a finding that 'there is simply no valid line of reasoning and permissible inferences which could possibly lead rational men to the conclusion reached by the jury

on the basis of the evidence presented at trial' " (*Johnson v Oval Pharmacy*, 165 AD2d 587, 592 [1991], *lv denied* 78 NY2d 859 [1991], quoting *Cohen v Hallmark Cards*, 45 NY2d 493, 499 [1978]). A verdict should only be set aside as against the weight of the evidence where it is palpably wrong and the jury could not have reached its conclusion upon any fair interpretation of the evidence (*see Bernstein v Red Apple Supermarkets*, 227 AD2d 264, 265 [1996], *lv dismissed* 89 NY2d 961 [1997], citing *Cornier v Spagna*, 101 AD2d 141, 149 [1984]). These standards of review result from the deference owed to the fact-finding powers of a jury within our justice system. While, as here, a trial court may well evaluate witness credibility differently, a judge is not able to substitute such alternative evaluation unless these exacting standards are first met. In this litigation, on this record, we find that the verdict had a sufficient basis in credible evidence and should have remained undisturbed.

Plaintiff's mother testified that the landlord installed the fire escape window guards and the landlord himself conceded that window guard installation was his responsibility. Plaintiff's witnesses further testified that there was a window guard on the fire escape window when they moved into the apartment and that it appeared secure. While there were conflicts in testimony over the identity of the window guard installer and discrepancies between trial and pretrial testimony, those conflicts and discrepancies were resolved, and properly so, by the jury. In the absence of indications that substantial justice has not been done, a successful litigant is entitled to the benefits of a favorable jury verdict. A trial court may not interfere with the fact-finding function of a jury simply because it disagrees with the verdict or would have evaluated credibility in a different manner (*see McDermott v Coffee Beanery*, 9 AD3d 195 [2004], *lv denied* 2004 NY App Div LEXIS 11716). Since we find a valid line of reasoning based on sufficient evidence to support the jury verdict, and find it supported by a fair interpretation of the evidence, we reverse the trial court and reinstate the verdict. Concur—Buckley, P.J., Tom, Saxe, Friedman and Sweeny, JJ.