■ MARY REILLY et al., Appellants, v ALAN WATSON, Respondent. [825 NYS2d 138]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from (1) an order of the Supreme Court, Rockland County (Weiner, J.), dated July 22, 2005, which denied their motion pursuant to CPLR 4404 to set aside a jury verdict in favor of the defendant and against them on the issue of liability, and for judgment in their favor as a matter of law, or, alternatively, to set aside the verdict as against the weight of the evidence, and (2) a judgment of the same court entered November 29, 2005, which, upon the jury verdict, is in favor of the defendant and against them dismissing the complaint.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is reversed, on the law, the complaint is reinstated, that branch of the motion which was to set aside the verdict as against the weight of the evidence is granted, and the matter is remitted to the Supreme Court, Rockland County, for a new trial; and it is further,

Ordered that one bill of costs is awarded to the plaintiffs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho,* 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

At trial, the plaintiff Mary Reilly (hereinafter the injured plaintiff) testified that she was traveling in the left-hand southbound lane of the Palisades Parkway, which was adjacent to a grassy median containing trees and bushes, when a bird flew into her windshield from the direction of the median, shattering it. As a result, she allegedly engaged her left-turn signal, gradually slowed down her vehicle, and attempted to enter the median, when she was struck in the rear by the defendant's vehicle.

According to the defendant, he momentarily took his eyes off the road because he thought he saw something move in the median. Right before he turned his attention to the median, the injured plaintiff was driving at a steady speed and showed no sign that her vehicle was slowing down. When he looked back at the road, the injured plaintiff was either stopped or coming to a stop, and he could not stop his vehicle in time to avoid the collision. At the conclusion of the bifurcated trial on the issue of liability, the jury found that the defendant was not negligent.

A jury verdict in favor of the defendant should not be set aside as against the weight of the evidence unless the evidence preponderates so heavily in the plaintiff's favor that the verdict could not have been reached on any fair interpretation of the evidence (*see Nicastro v Park*, 113 AD2d 129 [1985]). Here, the jury's determination that the defendant, who admittedly took his eyes off the road, was not negligent is not supported by a fair interpretation of the evidence (*see Schaible v Kane*, 150 AD2d 668 [1989]; *see generally Andre v Pomeroy*, 35 NY2d 361 [1974]; *Altmajer v Morley*, 274 AD2d 364 [2000]).

Contrary to the plaintiffs' contention, the Supreme Court properly denied that branch of their motion which was for a judgment in their favor as a matter of law (*see Cohen v Hallmark Cards*, 45 NY2d 493 [1978]).

Accordingly, we remit the matter to the Supreme Court, Rockland County, for a new trial. Miller, J.P., Ritter, Spolzino and Dillon, JJ., concur. [*See* 9 Misc 3d 1114(A), 2005 NY Slip Op 51545(U) (2005).]