■ TINAMARIE SVIZZERO et al., Respondents, v SUZANNE M. BAGLEY et al., Appellants. [833 NYS2d 236]—In an action to recover damages for personal injuries, etc., the defendants appeal, by permission, from an order of the Supreme Court, Orange County (Peter C. Patsalos, J.H.O.), dated March 21, 2006, which granted that branch of the plaintiffs' oral motion which was pursuant to CPLR 4404 (a) to set aside a jury verdict in favor of the defendants and against them on the issue of liability and for judgment as a matter of law in favor of the plaintiffs.

Ordered that the order is reversed, on the law and the facts, with one bill of costs, that branch of the plaintiffs' oral motion which was pursuant to CPLR 4404 (a) to set aside the jury verdict in favor of the defendants and against them on the issue of liability and for judgment as a matter of law in favor of the plaintiffs is denied, and the jury verdict is reinstated.

The court erred in granting that branch of the plaintiffs' motion which was pursuant to CPLR 4404 (a) to set aside the jury verdict in favor of the defendants and against the plaintiffs because there was a valid line of reasoning and permissible inferences which could lead rational people to the conclusion reached by the jury based on the evidence presented at trial (*see Cohen v Hallmark Cards*, 45 NY2d 493, 498-499 [1978]). Furthermore, the verdict was not against the weight of the evidence. A jury verdict in favor of the defendants should not be set aside as against the weight of the evidence unless the evidence preponderates so heavily in the plaintiffs' favor that the verdict could not have been reached on any fair interpretation of the evidence (*see Reilly v Watson*, 34 AD3d 778, 779 [2006]; *Nicastro v Park*, 113 AD2d 129, 133 [1985]). Great deference must be accorded to the jury's credibility determinations (*see Getreu v Plaxall Inc.*, 261 AD2d 574 [1999]). A review of the evidence in this case demonstrates that a fair basis existed for the verdict in the defendants' favor (*see Cucuzza v New York City Tr. Auth.*, 251 AD2d 445 [1998]; *Bolourchi v J.F.K. Acquisition Group*, 229 AD2d 370, 371 [1996]; *Varsi v Stoll*, 161 AD2d 590, 591 [1990]). Accordingly, the verdict should not have been disturbed.

In light of the foregoing, the parties' remaining contentions need not be addressed. Crane, J.P., Krausman, Covello and Carni, JJ., concur.