■ GERALD S. KAUFMAN et al., Respondents, v IRWIN B. CO-HEN, Appellant. [866 NYS2d 32]—

Order, Supreme Court, New York County (Karen Smith, J.), entered March 19, 2008, which, pursuant to a jury verdict, dismissed defendant's affirmative defense of statute of limitations, unanimously affirmed, without costs.

A verdict should only be set aside as against the weight of the evidence where it is palpably wrong and the jury could not have reached its conclusion upon any fair interpretation of the evidence (*see Rivera v 4064 Realty Co.*, 17 AD3d 201 [2005], *lv denied* 5 NY3d 713 [2005]). Here, the evidence presented at trial enabled the jurors to conclude rationally that plaintiffs had neither actual nor inquiry notice of defendant's alleged fraud.

The trial court did not improvidently exercise its discretion when it admitted into evidence the drafts and executed mortgage loan purchase agreement. The record is replete with undisputed evidence of Cohen's surreptitious and substantive involvement as a principal in the transaction and in the negotiation of that agreement, demonstrating its relevance to the issues at trial. Nor did the trial court improvidently exercise its discretion when it precluded defendant's expert from testifying about custom and usage regarding "sweat equity" with respect to the subject property. The proposed testimony would have introduced impermissible expert opinion on the issue that was ultimately for the jury's determination, which was not dependent upon technical or other information beyond the ordinary knowledge and experience of the jurors, and thus would not have assisted them in drawing relevant conclusions based upon the facts established at trial. Concur—Lippman, P.J., Andrias, Buckley, Sweeny and Renwick, JJ.