■ ZERE REAL ESTATE SERVICES, INC., Appellant, v ADAMAG REALTY CORP. et al., Respondents. [875 NYS2d 162]—

In an action, inter alia, to recover a real estate broker's commission, the plaintiff appeals from a judgment of the Supreme Court, Suffolk County (Mayer, J.), dated August 23, 2007, which, upon a jury verdict, and upon the denial of its motion pursuant to CPLR 4404 (a) to set aside the jury verdict as contrary to the weight of the evidence and for a new trial or, in the alternative, for judgment as a matter of law, is in favor of the defendants and against it dismissing the complaint.

Ordered that the judgment is affirmed, with costs.

The plaintiff, a commercial real estate agency, commenced this action, among other things, to recover a real estate brokerage commission from the defendants. After trial, the jury found that the plaintiff and the defendants had not entered into either an express or an implied contract. The plaintiff moved pursuant to CPLR 4404 (a) to set aside the jury verdict as contrary to the weight of the evidence and for a new trial or, in the alternative, for judgment as a matter of law, and the Supreme Court denied the motion. We affirm.

The plaintiff failed to preserve for appellate review its challenge to the legal sufficiency of the evidence, since it failed to move pursuant to CPLR 4401 for judgment as a matter of law at the close of the evidence (*see Miller v Miller*, 68 NY2d 871, 873 [1986]).

The jury's finding that the parties did not enter into an express brokerage agreement was not contrary to the weight of the evidence. A verdict may be set aside as contrary to the weight of the evidence and a new trial ordered if the evidence "so preponderate[d] in favor of the [plaintiff] that [the verdict] could not have been reached on any fair interpretation of the evidence" (*Grassi v Ulrich*, 87 NY2d 954, 956 [1996]; *see Lolik v Big V Supermarkets*, 86 NY2d 744, 746 [1995]; *Rivera v 4064 Realty Co.*, 17 AD3d 201, 203 [2005]; *Nicastro v Park*, 113 AD2d 129, 133-134 [1985]). In determining whether to set aside the verdict as contrary to the weight of the evidence, deference must be accorded to the jury's assessment of the witnesses' credibility (*see Miranco Contr., Inc. v Perel*, 57 AD3d 956 [2008]).

Here, the plaintiff contends that the jury's finding that the parties did not enter into an express or implied contract was contrary to the weight of the evidence. In an action to recover a real estate brokerage commission, the broker must establish: "(1) that he or she is duly licensed, (2) that he or she had a contract, express or implied, with the party to be charged with paying the commission, and (3) that he or she was the procuring cause of the sale" (*Friedland Realty v Piazza*, 273 AD2d 351, 351 [2000]; *see Ormond Park Realty v Round Hill Dev. Corp.*, 266 AD2d 523, 524 [1999]; *Buck v Cimino*, 243 AD2d 681, 684 [1997]).

At trial, Marie Zere, the principal owner of the plaintiff, testified that the parties agreed only that the commission for a completed sale would be "no more than 5 percent." Zere testified that she understood the agreement to mean that the defendant Adamag agreed to pay a 5% commission. However, the defendant Michael Adamowicz, a principal of the defendant

Adamag Realty Corp. (hereinafter Adamag Realty), testified that he understood that if a deal was completed, the parties would then negotiate a commission rate of no more than 5%, depending on the particulars of the deal. It was undisputed that any agreement was nonexclusive and that there was no agreed-upon duration of any such agreement. Under these circumstances, the jury could have found upon a fair interpretation of the evidence that the parties merely reached an "agreement to agree" and did not enter into an express contract for brokerage services, and its finding that no such contract was entered into was therefore not contrary to the weight of the evidence (*see Parkway Group v Modell's Sporting Goods*, 254 AD2d 338 [1998]; *see also Ormond Park Realty v Round Hill Dev. Corp.*, 266 AD2d at 523; *Cooper Sq. Realty v A.R.S. Mgt.*, 181 AD2d 551, 552 [1992]).

Further, contrary to the plaintiff's contention, defense counsel's summation comments did not constitute admissions of fact under the circumstances of this case (*see Wheeler v Citizens Telecom. Co. of N.Y., Inc.*, 18 AD3d 1002 [2005]; *see also Rahman v Smith*, 40 AD3d 613, 615 [2007]) and, in any event, counsel's summation comments did not establish that the jury's finding was against the weight of the evidence (*see Parkway Group v Modell's Sporting Goods*, 254 AD2d at 338; *see also Ormond Park Realty v Round Hill Dev. Corp.*, 266 AD2d at 523; *Cooper Sq. Realty v A.R.S. Mgt.*, 181 AD2d at 552).

The jury's finding that the parties' conduct did not give rise to an implied contract was not contrary to the weight of the evidence. A seller may be "liable for a broker's commission under a theory of a broker's implied employment where, even in the absence of the owner's express agreement to pay the broker's commission, the owner accepted and benefitted from the broker's services" (*Joseph P. Day Realty Corp. v Chera*, 308 AD2d 148, 153 [2003]; *see Friedland Realty v Piazza*, 273 AD2d 351 [2000]). Here, the plaintiff contends that the evidence that Zere contacted potential buyers, marketed the property, and participated in negotiations for a proposed sale established that the defendants appropriated its services. However, those efforts were made in furtherance of a proposed sale of the property to a prospective buyer, Structural Technologies, a transaction which did not occur. Rather, the defendants Michael Adamowicz and Elizabeth Fraser, the owners of Adamag Realty along with their mother, transferred the property to the defendant Sayville Development Group, LLC, in order to purchase their mother's interest in the property. Sayville Development Group, LLC, then developed the property. It was undisputed that the plaintiff

had no involvement in the transaction that resulted in the formation of Sayville Development Group, LLC, or the development of the property by that entity.

The plaintiff also contends that the evidence showed that Zere accomplished the transaction that ultimately occurred, since there was evidence that she had introduced a prospective purchaser in connection with the proposed Structural Technologies purchase. Further, Adamowicz and Fraser subsequently gave Aniboli a 25% interest in Sayville Development Group, LLC. Thus, the plaintiff contends, the defendants consciously appropriated its services in connection with the formation of Sayville Development Group, LLC. However, although Zere testified that she had informed the defendants that Aniboli also was a prospective investor in the Structural Technologies group, she produced no written documentation to that effect, and the written proposals and draft contracts do not indicate the specific identity of the purchasers, nor do those documents indicate that Aniboli was involved as a purchaser in addition to his role as an attorney. Further, Aniboli's involvement with the Structural Technologies purchase by, inter alia, drafting a proposed contract of sale, is consistent with his acting only as an attorney. Moreover, although the defendant Michael Adamowicz testified that he later became aware that Aniboli had been a potential investor in the Structural Technologies group, he did not become aware of that fact until Aniboli made it clear that he was no longer interested in becoming part of that group. In sum, under these circumstances the jury's finding that the defendants did not consciously appropriate the plaintiff's services and that the parties' conduct did not create an implied contract was not contrary to the weight of the evidence (*see Joseph P. Day Realty Corp. v Chera,* 308 AD2d at 153-154; *see also Friedland Realty v Piazza,* 273 AD2d at 351-352). Fisher, J.P., Miller, Carni and Balkin, JJ., concur.