ABRAHAM POZNANSKI et al., Appellants, v CHARLES B. WANG et al., Defendants, and ISLAND PROPERTIES, LLC, et al., Respondents. [923 NYS2d 602]—

In an action, inter alia, to recover damages for breach of an oral joint venture agreement, the plaintiffs appeal from an order of the Supreme Court, Nassau County (Bucaria, J.), dated October 28, 2008, which denied their motion for summary judgment on the fourth cause of action declaring that the plaintiffs Northern Bay Management Group, LLC, and Affinity Realty Consultants, LLC, are entitled to certain brokerage commissions from the defendants, and granted the cross motion of the defendant Lighthouse Hotel Development I, LLC, for summary judgment, in effect, declaring that those plaintiffs are not entitled to a brokerage commission from that defendant with respect to that defendant's purchase of the Long Island Marriott Hotel.

Ordered that the order is modified, on the law, by deleting the provision thereof granting that branch of the cross motion of the defendant Lighthouse Hotel Development I, LLC, which was for summary judgment, in effect, declaring that the plaintiff Affinity Realty Consultants, LLC, is not entitled to a brokerage commission from that defendant with respect to that defendant's purchase of the Long Island Marriott Hotel, and substituting therefor a provision denying that branch of the cross motion; as so modified, the order is affirmed, without costs or disbursements, and the matter is remitted to the Supreme Court, Nassau County, for the entry of a judgment, inter alia, declaring that the plaintiff Northern Bay Management Group,

LLC, is not entitled to a brokerage commission from the defendant Lighthouse Hotel Development I, LLC, with respect to that defendant's purchase of the Long Island Marriott Hotel.

The plaintiffs moved for summary judgment on their fourth cause of action seeking a declaration that the plaintiffs Northern Bay Management Group, LLC (hereinafter Northern Bay), and Affinity Realty Consultants, LLC (hereinafter Affinity), are entitled to brokerage commissions allegedly due to those plaintiffs for their work in connection with three real estate transactions involving the defendants Lighthouse Hotel Development I, LLC (hereinafter Lighthouse Hotel), South Street Enterprises, LLC, and Island Properties, LLC. Lighthouse Hotel cross-moved for summary judgment, in effect, declaring that Northern Bay and Affinity are not entitled to a brokerage commission from it with respect to its purchase of the Long Island Marriott Hotel (hereinafter the Marriott), which was one of the three subject transactions. In an order dated October 28, 2008, the Supreme Court denied the plaintiffs' motion and granted Lighthouse Hotel's cross motion.

In order to recover a real estate brokerage commission, the broker must establish: " '(1) that he or she is duly licensed, (2) that he or she had a contract, express or implied, with the party to be charged with paying the commission, and (3) that he or she was the procuring cause of the sale' " (*Zere Real Estate Servs., Inc. v Adamag Realty Corp.*, 60 AD3d 758, 759 [2009], quoting *Friedland Realty v Piazza*, 273 AD2d 351, 351 [2000]; *see Ormond Park Realty v Round Hill Dev. Corp.*, 266 AD2d 523, 524 [1999]). Consequently, the plaintiffs were first required to demonstrate that Northern Bay and Affinity were properly licensed (*see* Real Property Law § 442-d; *see generally Galbreath-Ruffin Corp. v 40th & 3rd Corp.*, 19 NY2d 354, 362-363 [1967]; *Kavian v Vernah Homes Co.*, 19 AD3d 649, 650 [2005]; *Kreuter v Tsucalas*, 287 AD2d 50, 54-55 [2001]). The plaintiffs failed to establish their entitlement to judgment as a matter of law by submitting proof in admissible form that Northern Bay or Affinity were duly licensed. Rather, there are triable issues of fact as to whether either entity was licensed during the relevant time that services were provided for each of the transactions at issue. The plaintiffs' failure to establish that Northern Bay and Affinity were properly licensed required the denial of their motion for summary judgment, regardless of the sufficiency of the papers submitted in opposition.

The Supreme Court, however, improperly granted that branch of Lighthouse Hotel's cross motion which was for summary judgment, in effect, declaring that Affinity was not entitled to a

brokerage commission in connection with the purchase of the Marriott. The contract of sale at issue admits, by its very terms, the performance of services by Affinity in consummating Lighthouse Hotel's purchase of the Marriott, and includes an express promise by Lighthouse Hotel, as purchaser, to pay a commission. Although it is undisputed that there was no separate brokerage agreement between Lighthouse Hotel and Affinity for the payment of a commission despite the suggestion to the contrary contained in the terms of the contract of sale, such a contract may be implied where the principal received a benefit from the broker's services under circumstances which, in fairness, preclude the denial of an obligation to pay (*see Curtis Props. Corp. v Greif Cos.*, 212 AD2d 259, 266 [1995]; *Long Is. Bus. Exchange v De Luca*, 58 AD2d 594, 594 [1977]). The conflicting affidavits submitted by the parties also reveal the existence of triable issues of fact as to whether Affinity was the procuring cause of the transaction (*see Hentze-Dor Real Estate, Inc. v D'Allessio*, 40 AD3d 813, 816 [2007]; *Dagar Group v Hannaford Bros. Co.*, 295 AD2d 554, 555 [2002]). Therefore, the Supreme Court should have denied that branch of Lighthouse Hotel's cross motion which was for summary judgment, in effect, declaring that Affinity was not entitled to a brokerage commission from it with respect to its purchase of the Marriott.

However, in opposition to Lighthouse Hotel's prima facie showing of entitlement to judgment as a matter of law against Northern Bay in connection with the Marriott transaction, Northern Bay failed to raise a triable issue of fact. Accordingly, the Supreme Court correctly granted that branch of Lighthouse Hotel's cross motion which was for summary judgment, in effect, declaring that Northern Bay is not entitled to a brokerage commission from it with respect to its purchase of the Marriott.

Since this is, in part, a declaratory judgment action, the matter must be remitted to the Supreme Court, Nassau County, for the entry of a judgment, inter alia, declaring that Northern Bay is not entitled to a brokerage commission from Lighthouse Hotel with respect to that defendant's purchase of the Marriott. Rivera, J.P., Angiolillo, Eng and Sgroi, JJ., concur. [**Prior Case History: 21 Misc 3d 1143(A), 2008 NY Slip Op 52483(U).**]