■ NRT New York, LLC, Doing Business as Corcoran Group, Respondent, v Emmett Laffey et al., Appellants, et al., Defendant. [962 NYS2d 266]—

In an action, inter alia, to recover damages for breach of contract, the defendants Emmett Laffey and Laurel Hill Lane, LLC, appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Whelan, J.), dated December 7, 2011, as granted those branches of the plaintiff's motion which were for summary judgment on the first cause of action asserted against them and dismissing the first, second, and third affirmative defenses.

Ordered that the order is affirmed insofar as appealed from, with costs.

"In order to recover a real estate brokerage commission, the broker must establish: (1) that he or she is duly licensed, (2) that he or she had a contract, express or implied, with the party to be charged with paying the commission, and (3) that he or she was the procuring cause of the sale" (*Poznanski v Wang*, 84 AD3d 1048, 1049 [2011] [internal quotation marks omitted]; *see Zere Real Estate Servs., Inc. v Adamag Realty Corp.*, 60 AD3d 758, 759 [2009]). Here, the plaintiff submitted evidence establishing its prima facie entitlement to judgment as a matter of law on the first cause of action, which sought to recover a brokerage commission against the defendants Emmett Laffey and Laurel Hill Lane, LLC (hereinafter together the appellants), under the terms of a written agreement and dismissing the first, second, and third affirmative defenses.

In opposition, the appellants failed to raise a triable issue of fact as to whether the plaintiff breached the parties' agreement

in a manner sufficient to defeat the plaintiff's motion for summary judgment. The affidavit and exhibits submitted by the appellants in opposition to the motion consisted of parol evidence which was inadmissible to vary the terms of the parties' written agreement (*see Dong Won Kim v Frank H. Truck Corp.*, 81 AD3d 586, 587 [2011]), allegations that the plaintiff made certain statements that amounted to nothing more than mere opinion or puffery (*see High Tides, LLC v DeMichele*, 88 AD3d 954, 958 [2011]), and conclusory, unsubstantiated, and speculative allegations that were insufficient to raise a triable issue of fact (*see Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]; *Matter of DiDomenico*, 101 AD3d 998, 1000 [2012]). Accordingly, the Supreme Court properly granted that branch of the plaintiff's motion which was for summary judgment on the first cause of action and dismissing the first, second, and third affirmative defenses.

The appellants' remaining contentions are without merit. Dillon, J.P., Angiolillo, Leventhal and Miller, JJ., concur.