■ CUSUMANO ASSOCIATES, INC., Doing Business as L.I. HOUSE HUNTERS, Respondent, v PAUL POLITOSKI et al., Appellants, et al., Defendant. [988 NYS2d 665]—

In an action, inter alia, to recover damages for breach of contract, the defendants Paul Politoski and Gisele Politoski appeal from a judgment of the Supreme Court, Nassau County (K. Murphy, J.), dated May 21, 2012, which, upon a decision dated April 16, 2012, made after a nonjury trial, is in favor of the plaintiff and against them in the principal sum of $18,750.

Ordered that the judgment is reversed, on the law and the facts, with costs, and the complaint is dismissed insofar as asserted against the appellants.

The defendants Paul Politoski and Giselle Politoski (hereinafter together the appellants) engaged Manon Bibeau, a licensed real estate agent employed by the plaintiff, to assist them in the purchase of a weekend residence in East Hampton. Bibeau and the appellants signed a preprinted "Exclusive Buyer Broker Agreement" dated October 7, 2007, which had a three-month duration and provided, in part, that "BUYER agrees to pay the BROKER a commission of 'SBC.' "

On or about October 14, 2008, the appellants agreed to purchase a residential property in East Hampton owned by the defendant Bruce Goldstein. In an email to Goldstein, Bibeau confirmed that the plaintiff would be receiving a commission of 3%, or $18,750, of the $625,000 purchase price. The appellants and Goldstein entered into a residential contract of sale, which provided that "Seller shall pay Broker any commission" on the sale. At the closing on the purchase, the appellants delivered bank checks in the total amount of the $625,000 purchase price; no commission was paid to the plaintiff, which did not attend the closing.

The plaintiff subsequently commenced this action against the appellants and Goldstein to recover the commission. At a nonjury trial, Bibeau testified that she expected the commission to be paid by Goldstein and not the appellants, that she

informed the appellants that the commission would be paid by Goldstein, and that she negotiated the 3% commission rate with Goldstein. Lora Cusumano, the plaintiff's principal, testified that the term "SBC," which she wrote into the Exclusive Buyer Broker Agreement, referred to "seller broker compensation," and meant that the broker would represent the seller and that the seller would pay the commission. The Supreme Court determined that the plaintiff had established that the appellants were liable for the 3% commission due on the sale of the property, and a judgment was entered in favor of the plaintiff and against the appellants in the principal sum of $18,750. We reverse.

"Upon review of a determination rendered after a nonjury trial, this Court's authority is as broad as that of the trial court, and this Court may render the judgment it finds warranted by the facts, taking into account in a close case the fact that the trial judge had the advantage of seeing the witnesses" (*Otto v Dureja*, 113 AD3d 829, 829-830 [2014]; *see Northern Westchester Professional Park Assoc. v Town of Bedford*, 60 NY2d 492, 499 [1983]).

"In order to recover a real estate brokerage commission, the broker must establish: (1) that he or she is duly licensed, (2) that he or she had a contract, express or implied, with the party to be charged with paying the commission, and (3) that he or she was the procuring cause of the sale" (*Poznanski v Wang*, 84 AD3d 1048, 1049 [2011] [internal quotation marks omitted]; *see NRT N.Y., LLC v Laffey*, 103 AD3d 861 [2013]). Here, the evidence at trial failed to establish that the appellants expressly or impliedly agreed that the appellants were to be the parties responsible for the payment of the commission to the plaintiff (*see Kaplon-Belo Assoc., Inc. v D'Angelo*, 79 AD3d 930 [2010]; *Zere Real Estate Servs., Inc. v Adamag Realty Corp.*, 60 AD3d 758, 759-761 [2009]). Accordingly, the Supreme Court should have entered a judgment dismissing the complaint insofar as asserted against the appellants.

The appellants' remaining contention is not properly before this Court. Mastro, J.P., Lott, Sgroi and Cohen, JJ., concur.