| Iken v Bohemian Brethren Presbyt. Church |
|:---:|
| 2025 NY Slip Op 31767(U) |
| May 14, 2025 |
| Supreme Court, New York County |
| Docket Number: Index No. 654614/2017 |
| Judge: Joel M. Cohen |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK:  COMMERCIAL DIVISION PART 03M

------------------------------------------------------------------------------X

MONICA IKEN, ORDINARY FACES LLC

Plaintiff,

- v -

BOHEMIAN BRETHREN PRESBYTERIAN CHURCH,

Defendant.

------------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 654614/2017 |
| **MOTION DATE** | 02/28/2025 |
| **MOTION SEQ. NO.** | 008 |

**DECISION + ORDER ON MOTION**

HON. JOEL M. COHEN:

The following e-filed documents, listed by NYSCEF document number (Motion 008) 254, 255, 256, 257, 258, 259, 260, 261, 262, 263, 264

were read on this motion to                                  SET ASIDE VERDICT                                  .

Defendant/Counter-Plaintiff Bohemian Brethren Presbyterian Church a/k/a Avenue Church NYC f/k/a Jan Hus Presbyterian Church ("Defendant") moves for an Order (i) setting aside the jury's verdict regarding the breach of contract claim asserted by Plaintiffs/Counter-Defendants Monica Iken ("Iken") and Ordinary Faces, LLC ("Ordinary Faces," and together with Iken, "Plaintiffs") and directing a judgment in Defendant's favor as a matter of law; or (ii) alternatively, setting aside jury's verdict on Plaintiffs' breach of contract claim as contrary to the weight of the evidence and directing a new trial.  For the following reasons, Defendant's motion is denied.

In relevant part, CPLR 4404 provides that, "[a]fter a trial of a cause of action or issue triable of right by a jury, upon the motion of any party or on its own initiative, the court may set aside a verdict or any judgment entered thereon and direct that judgment be entered in favor of a party entitled to judgment as a matter of law or it may order a new trial of a cause of action or

**654614/2017  IKEN, MONICA vs. BOHEMIAN BRETHREN**
Motion No.  008

**Page 1 of 4**

1 of 4

separable issue where the verdict is contrary to the weight of the evidence . . . ." (CPLR 4404[a]).

The "setting aside of a jury verdict as a matter of law and the setting aside of a jury verdict as contrary to the weight of the evidence involve two inquiries and two different standards" (*Loretta v Split Dev. Corp.*, 168 AD3d 823, 825 [2d Dept 2019] [citation omitted]). "A motion pursuant to CPLR 4404 (a) to set aside a jury verdict and for judgment as a matter of law 'will be granted where there is no valid line of reasoning and permissible inferences which could possibly lead rational persons to the conclusions reached by the jury on the basis of the evidence presented at trial'. A jury verdict should not be set aside as contrary to the weight of the evidence 'unless the jury could not have reached the verdict by any fair interpretation of the evidence'" (*id.* [internal citation omitted]).

Defendant's contention that Plaintiffs' evidence of lost profits was insufficient as a matter of law is unavailing. Based on the evidence presented at trial, there was a valid line of reasoning and permissible inferences which could have led a rational jury to conclude that Plaintiffs were entitled to lost profits in the amount awarded. The jury could, for example, have credited the testimony from Ms. Iken that in order to agree to enter into the lease agreement, Defendant demanded a business plan with profit forecasts, that she provided Defendant with her business plan created by a CPA based on the financial performance of a preschool that had a 40-year track record in the very space to be occupied by Plaintiff's proposed school (*see* JX-54). Furthermore, the evidence indicated that for the one year that Plaintiffs operated, Plaintiffs made the approximate profits projected by the business plan, which Plaintiffs were able to carry over into the next years for operations (*see* NYSCEF 176 at 295:23-25 – 296:1-2 [when asked how much money did she carry over into 2017 after operating for that first year, Ms. Iken testified "[i]t was

**654614/2017   IKEN, MONICA vs. BOHEMIAN BRETHREN**
**Motion No.  008**

**Page 2 of 4**

[* 2]

about, I would say, somewhere in the $200,000 range"]; JX-77, showing over $241,000 in payments for operations after January 1, 2017). Thus, unlike what might otherwise be deemed a speculative claim by a start-up business for lost-profits, here there was identifiable past performance combined with some indicia of future success (*see e.g.*, *Greasy Spoon, Inc. v Jefferson Towers, Inc.*, 75 NY2d 792, 795 [1990]).

Accordingly, the jury was within its province to determine that Plaintiffs were entitled to lost profits for the approximately three years left in which it was not able to operate. It was therefore not irrational for the jury to reach an award of $734,353, which falls in the range between 2-3 years of lost profit (*see* JX-54 [breaking down projected profits by year]). The law does not require that lost profits be determined with mathematical precision (*see Ashland Mgt. v Janien*, 82 NY2d 395, 403 [1993] ["Damages resulting from the loss of future profits are often an approximation. The law does not require that they be determined with mathematical precision"]). In sum, the Court cannot conclude "that 'there is simply no valid line of reasoning and permissible inferences which could possibly lead rational men to the conclusion reached by the jury on the basis of the evidence presented at trial'" (*Rivera v 4064 Realty Co.*, 17 AD3d 201, 202–203 [1st Dept 2005] [citation omitted]).

For the same reasons, Defendant's argument that the verdict was against the weight of the evidence is unpersuasive. Defendant's reliance on *Blinds to Go (U.S.), Inc. v Times Plaza Dev., L.P.* (88 AD3d 838, 840 [2d Dept 2011]), is misplaced. In that case, the court held that the verdict was against the weight of the evidence because "[i]n light of the tenant's admission that it leased the subject premises to break into a new market, and its own expert's testimony demonstrating the differences between the subject premises and the allegedly comparable stores, the evidence on lost profits was so lacking that the verdict could not have been reached on any

**654614/2017   IKEN, MONICA vs. BOHEMIAN BRETHREN**
Motion No.  008

**Page 3 of 4**

[* 3]

fair interpretation of the evidence" (*id. at* 841). By contrast, in this case the comparable business that was the basis for the projection of lost profits operated the same type of business in the same building as the Plaintiff. In the totality of the circumstances presented, the Court concludes that the verdict is consistent with a fair interpretation of the evidence.

The Court has considered Defendant's remaining arguments and finds them unavailing.

Accordingly, it is

**ORDERED** that Defendant's Motion to set aside the verdict or for a new trial is

**DENIED**.

This constitutes the decision and order of the Court.

20250514172731MCOHENED5ACDB787BE41628E49801955E690EA

| 5/14/2025 | | | | JOEL M. COHEN, J.S.C. | |
|-----------|---|---|---|------------------------|---|
| **DATE** | | | | | |

| CHECK ONE: | X | CASE DISPOSED | | | NON-FINAL DISPOSITION | |
|------------|---|---------------|---|---|----------------------|---|
| | | GRANTED | X | DENIED | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | REFERENCE |

**654614/2017   IKEN, MONICA vs. BOHEMIAN BRETHREN**
**Motion No.  008**

**Page 4 of 4**

4 of 4

[* 4]